**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa M. Fox, ) | No. CIV-04-0119-PHX-RCB |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

### *Introduction*

Currently pending before the court is a motion by plaintiff for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (doc. 15). Plaintiff's attorney, Eric G. Slepian, is seeking a total of $18,441.35[1] in fees for the 49.70 hours of legal

---

[1] The Commissioner contends that this figure is a "drafting error," Resp. (doc. 17) at 4, because the Social Security Administration ("SSA") withheld $18,440.80, representing "25 percent of [plaintiff's] past-due benefits[,]" expressly "to pay the approved lawyer's fee." Errata to Pl. Mot. (doc. 16), appendix 5 (doc. 16-2) thereto at 5. By the court's calculations, however, 25% of the past-due benefits in the amount of $73,765.40 would be the total claimed by attorney Slepian – $18,441.35. Thus, the court will use the latter figure.

services which he provided while representing plaintiff in this district court. The defendant Commissioner of the SSA expressly takes "no position" as to the reasonableness of this fee request, stressing that his "response should neither be construed nor cited as an implicit agreement to counsel's request." Resp. (doc. 17) at 1; and at 2 n.1. However, in his role as "trustee," if this court awards attorney's fees, the Commissioner accurately "note[s] that [plaintiff's] counsel must refund to Plaintiff the $5,694.02 in EAJA [Equal Access to Justice Act] fees he has already received." Id. at 4. For the reasons set forth below, the court grants this motion.

## *Background*

Evidently plaintiff's counsel began representing Ms. Fox at the administrative level as early as April 1, 1998.[2] See Mot. (doc. 15) at 5. Following a denial of Social Security disability benefits at that level, on July 19, 2000, plaintiff filed a complaint seeking judicial review of that denial. Fox. v. Apfel, 2:00-CV-01385-LOA ("Fox I") (doc. 1). Thereafter, the court granted plaintiff's motion for summary judgment and remanded the case for further proceedings. Id., docs. 22 and 23. The court in Fox I also granted plaintiff's motion for $4,550.00 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. Mot. (doc. 15), Appendix 2 thereto.

---

[2] Plaintiff's attorney did not file a declaration or affidavit in support of his fee application, thus leaving the court to rely upon factual assertions in his memorandum of law. Because he signed that memorandum, in accordance with Fed. R. Civ. P. 11(b)(3), the court assumes that there is evidentiary support for these representations. The court's preferred practice, however, is for such factual representations also to be included in counsel's supporting declaration or affidavit.

- 2 -

After that remand, plaintiff's counsel "re-tried the case before the same ALJ [administrative law judge] at the [SSA]" Id. at 5. The ALJ again issued a decision unfavorable to plaintiff, id.; and again, plaintiff filed a complaint seeking judicial review of the ALJ's finding that she was not disabled and hence not entitled to disability insurance benefits. See Doc. 1. In response to defendant's motion for a remand, to which there was no objection, a third trial was conducted before the ALJ. Mot. (doc. 15) at 6. This time plaintiff received a "Partially Favorable" decision. Id. She therefore received an award of past-due benefits in the amount of $73,765.40. Errata to Mot. (doc. 16), Appendix 5 thereto.[3] After affirming that decision, this court awarded plaintiff an additional $1,144.02 in attorney's fees under the EAJA. Mot. (doc. 15), Appendix 3 thereto.

In contrast to Fox I, almost a year after the commencement of the present action, plaintiff entered into a contingency fee agreement with her attorney.[4] Mot. (doc. 15), Appendix 4 thereto. That agreement was "standard for Social Security claimant representation," Gisbrecht v. Barnhart, 535 U.S. 789,

---

[3] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of this Notice of Award from the SSA attached to plaintiff's errata memorandum of law. See Overstreet v. United Broth. Of Carpenters, 409 F.3d 1199, 1203 n. 7 (9th Cir. 2005) (taking judicial notice of ALJ's decision, as an adjudicative fact, where neither its existence nor its contents were disputed).

[4] As mentioned at the outset, plaintiff's attorney submitted only a memorandum of law, to which he attached various documents. Given that format, the fee agreement, which is an appendix to the memorandum has not been properly authenticated. However, because the Commissioner does not challenge its authenticity, the court deems it to be authentic in accordance with Fed. R. Evid. 901(b)(4). See Garcia v. Astrue, 500 F.Supp.2d 1239, 1241 n. 3 (C.D.Cal. 2007) (same) (citing, *inter alia*, Alexander Dawson, Inc. v. Nat'l Labor Relations Bd., 586 F.2d 1300, 1302 (9th Cir. 1978) (*per curiam*)).

1  798 (2002), or as the Supreme Court also put it in Gisbrecht, it
2  was "the most common [type] of fee arrangement between attorneys
3  and Social Security claimants[]" in that plaintiff agreed to pay
4  her attorney 25 percent of all past-due benefits recovered.  See
5  id.

### *Discussion*

7       In contrast to section 406(a) of the Social Security Act,
8  which "governs [attorneys'] fees for representation in
9  administrative proceedings[,]" section 406(b) of that Act
10 "controls [such] fees for representation in court."  Gisbrecht,
11 535 U.S. at 794 (citing 20 CFR § 404.1728(a)(2001)).   Under
12 section 406(b), "[a]s part of its judgment, a court may allow 'a
13 reasonable fee . . . not in excess of 25 percent of the . . .
14 past-due benefits' awarded to the claimant."  Id. at 795 (quoting
15 42 U.S.C. § 406(b)(1)(A)).  That statute expressly provides that
16 any fee award thereunder be payable "out of, and not in addition
17 to, the amount of [the] *past due* benefits." 42 U.S.C.
18 § 406(b)(1)(A) (emphasis added).  In other words, a denial of
19 benefits results in no fee award.  See id. at 795 (internal
20 quotation marks and citations omitted) ("The Commissioner has
21 interpreted § 406(b) to prohibit a lawyer from charging fees when
22 there is no award of back benefits.") Similarly, "attorneys may
23 not gain additional fees based on a claimant's continuing
24 entitlement to benefits."  Gisbrecht, 535 U.S. at 795.  Not only
25 that, "any endeavor by the claimant's attorney to gain more than
26 that [statutory] fee, or to charge the claimant a *non*contingent
27 fee, is a criminal offense."  Id. at 806-07 (citing 42 U.S.
28 § 406(b)(2); 20 CFR § 404.1740(c)(2) (2001)) (emphasis added).

- 4 -

1    Based upon this statutory framework, in resolving a
2 "division among the Circuits on the appropriate method of
3 calculating fees under § 406(b)[,]" the Supreme Court in
4 Gisbrecht "conclude[d]" that that statute "does not displace
5 contingent-fee agreements as the primary means by which fees are
6 set for successfully representing Social Security benefits
7 claimants in court." Id. at 807.  "Rather," according to the
8 Gisbrecht Court, "§ 406(b) calls for court review of such
9 arrangements as an independent check, to assure that they yield
10 reasonable results in particular cases." Id. (footnote omitted).
11 Observing that "Congress has provided one boundary line[]" for
12 reviewing section 406(b) fee arrangements, the Gisbrecht Court
13 reiterated that such arrangements "are unenforceable to the
14 extent that they provide for fees exceeding 25 percent of the
15 past-due benefits." Gisbrecht, 535 U.S. at 807 (citing
16 § 406(b)(1)(A) (1994 ed., Supp. V)) (footnote omitted).  At the
17 same time, however, "[w]ithin th[at] 25 percent boundary, . . . ,
18 the attorney for the successful claimant must show that the fee
19 sought is reasonable for the services rendered." Id. (citation
20 and footnote omitted).

21    After Gisbrecht, the court "must first determine whether a
22 fee agreement has been executed between the plaintiff and [her]
23 attorney[]" in accordance with section 406(b).  Garcia, 500
24 F.Supp.2d at 1242 (citing, *inter alia*, Gisbrecht, 535 U.S. at
25 807).  If so, the next step is to determine "whether such
26 agreement is reasonable." Id. (citing, *inter alia*, Gisbrecht,
27 535 U.S. at 807).  In performing that reasonableness assessment,
28 the Gisbrecht Court identified a number of relevant factors: the

- 5 -

1 attorney's risk of loss; "the character of the representation and
2 the results . . . achieved[;]" delay by counsel; and the amount
3 of the benefits "in comparison to the amount of time counsel
4 spent on the case[.]" Gisbrecht, 535 U.S. at 808.  No one factor
5 is dispositive.  Indeed, the Supreme Court in Gisbrecht seemed to
6 give district courts a great deal of latitude, noting both that
7 those courts "are accustomed to making reasonableness
8 determinations in a wide variety of contexts, and their
9 assessments in such matters, in the event of an appeal,
10 ordinarily qualify for highly respectful review."  Id. at 808.

### ***A.  Execution of Fee Agreement?***

As previously noted, plaintiff Fox and attorney Slepian entered into a contingent fee agreement "[c]haracteristic" of social security benefit cases, calling for a fee award of 25 percent of all past-due benefits awarded.  See id. at 803 (citations omitted).  Crediting that agreement as it must in light of Gisbrecht, next the court will conduct an "independent check" of that arrangement to assure the reasonableness of any fees ultimately paid thereunder.  See id. at 807.

### ***B.  Reasonableness?***

As Gisbrecht suggests, to assist the court in its reasonableness inquiry, plaintiff's attorney provided his billing records in this matter.  See id. at 808.  He did not, however, as Gisbrecht also suggests, provide a statement of his "normal hourly billing charge for non-contingent fee cases."  See id.

- 6 -

1  (citation omitted).[5]  That omission is not fatal to this fee
2  motion, however, especially given the ample record as to the
3  other relevant factors  outlined in Gisbrecht and discussed
4  below.

5  Taking into account the reasonableness factors identified
6  in Gisbrecht, among others, the court easily finds that the
7  requested fee of $18,441.35, which calculates to an hourly rate
8  of  $371.05, is reasonable.  In reaching this conclusion, the
9  court notes that plaintiff's counsel did not delay in pursuing
10 this action.  So there is no need for a downward adjustment
11 because he did "not profit from the accumulation of benefits
12 during the pendency of the case in court."  See Gisbrecht, 535
13 U.S. at 808 (citation omitted).  Also, no "windfall" to
14 plaintiff's attorney resulted here in terms of the benefit being
15 "large in comparison to the amount of time counsel spent on the
16 case[.]"  See id. (citations omitted).  The benefits obtained
17 correspond, roughly, to the relatively significant number of
18 hours which plaintiff's counsel billed.  Consequently, there is
19 no need for a downward adjustment based on a benefits versus
20 hours spent comparison.

21 The court has also considered, as it must, the necessarily
22 contingent nature of this representation, especially in this case
23 where plaintiff "had a substantial risk of loss" in that
24 benefits had been "denied at eight levels of agency review prior
25 to receiving a partially favorable determination."  Mot. (doc.

---

[5] Perhaps this is because for the past seven years, his practice "has been devoted almost exclusively to disability law[,]" and hence he necessarily only works on a contingent basis.  Mot. (doc. 15) at 15.

- 7 -

1   15) at 14-15.  Pursuant to his fee arrangement with plaintiff,
2   attorney Slepian "assumed the risk of receiving nothing for his
3   time and effort if plaintiff was unsuccessful."  See Hearn v.
4   Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).
5   Accordingly, although an hourly rate of $371 *may* exceed what
6   plaintiff's attorney would receive in a non-contingent case, the
7   court cannot ignore the risk of non-payment in social security
8   benefits cases such as this.  See id. (citing cases) ("Since
9   Gisbrecht was handed down . . . , the district courts generally
10  have been deferential to the terms of contingency fee contracts
11  in § 406(b) cases, accepting that the resulting *de facto* hourly
12  rates may exceed those for non contingency-fee arrangements.")
13  Further, this hourly rate takes into account the experience of
14  plaintiff's counsel who has been practicing law "for
15  approximately 15 years, the last seven of which ha[ve] been
16  devoted almost exclusively to disability law."  Mot. (doc. 15) at
17  15.  Moreover, this hourly rate is well within the range of
18  approved rates.  See Ellick v. Barnhart, 445 F.Supp.2d 1166
19  (C.D.Cal. 2006) (cataloging cases awarding hourly rates varying
20  from $150.00 to $800.00).

21      There are several other factors, albeit not specifically
22  mentioned in Gisbrecht, which inform the court's reasonableness
23  determination here.  The first is the fact that plaintiff
24  received substantially more than the $73,765.40 in past-due
25  benefits  because he will also receive future benefits - benefits
26  from which a fee award is prohibited from being taken.  Those
27  future benefits are not, however, expressly factored into this
28  fee award.  See Gisbrecht, 535 U.S. at 795 ("Because benefits

1  amounts figuring in the fee calculation are limited to those past
2  due, attorneys may not gain additional fees based on a claimant's
3  continuing entitlement to benefits.") Second, plaintiff has
4  expressly indicated that she does "not object to attorney fees in
5  the amount of $18,441.35." Addendum Pl. Mot. (doc. 18), Appendix
6  6 (18-2) at 1. "There is no basis for the court to question the
7  sincerity" of plaintiff's statement, particularly given the
8  favorable result which plaintiff's counsel obtained for her. See
9  Hearn, 262 F.Supp.2d at 1038. Third, because plaintiff was
10 ultimately successful in obtaining disability benefits, her
11 attorney also is entitled to the fees which he is seeking in
12 connection with Fox I. See Garcia, 500 F.Supp.2d at 1242-1244
13 (citations omitted) ("Section 406(b) authorizes a district court
14 to award attorney's fees when [it] remands the case to the S.S.A.
15 for further proceedings and, following the remand, the claimant
16 is subsequently awarded past-due benefits.") All of these
17 factors, when viewed together, easily persuade the court that the
18 requested fee award here is reasonable.

### *Conclusion*

20     For the reasons set forth above, the court GRANTS the motion
21 by plaintiff's attorney, Eric Slepian, for attorney's fees
22 pursuant to 42 U.S.C. § 406(b) and awards him the sum of
23 $18,441.35 to be paid out of the monies withheld by the
24 Commissioner from Ms. Fox' past-due benefits. There is no
25 dispute that this section 406(b) award must be offset by the
26 $5,694.02 in attorney's fees previously granted to attorney
27 Slepian under the EAJA. See Mot. (doc. 15) at 2-3; and Resp.
28 (doc. 17) 4); see also Gisbrecht, 535 U.S. at 796 (quoting Act.

-9-

1  Of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186) ("Fee awards
2  may be made under both [the EAJA and section 406(b)], but the
3  claimant's attorney must 'refun[d] to the claimant the amount of
4  the smaller fee.'") Thus, the court orders plaintiff's counsel to
5  reimburse plaintiff in the amount of $5,694.02, which  represents
6  the two EAJA fee awards he was previously awarded.
7       IT IS ORDERED granting plaintiff's motion for an award of
8  attorney's fees under 42 U.S.C. § 406(b) (doc. 15), and awarding
9  fees as set forth in this order.
10      DATED this 11th day of December, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

23 copies to all counsel of record